IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

M.B.S. TUPELO, LLC
d/b/a OLD VENICE PIZZA COMPANY                                            PLAINTIFF

V.                                                          CASE NO. 1:20-CV-132-SA-RP

TRI-STATE INSURANCE COMPANY
OF MINNESOTA, et al.                                                       DEFENDANTS

ORDER AND MEMORANDUM OPINION

On June 24, 2020, the Defendant, Tri-State Insurance Company of Minnesota, filed a Notice of Removal [1], removing this cause from the County Court of Lee County, Mississippi, to this Court, premising federal jurisdiction on the basis of diversity. The Plaintiff, Old Venice Pizza Company, filed a Motion to Remand [7], arguing that this Court lacks jurisdiction because the amount-in-controversy requirement set forth in 28 U.S.C. § 1332, is not satisfied. The Motion [7] has been fully briefed and is now ripe for review.

*Relevant Factual and Procedural Background*

On March 13, 2020, the President of the United States declared a national emergency in connection with the novel coronavirus disease (COVID-19). Thereafter, the Governor of the State of Mississippi and the Mayor of the City of Tupelo instituted a series of executive orders which prohibited restaurants from offering dine-in services, instead limiting them to only curb-side service.

Old Venice operates as a restaurant and bar in Tupelo, Mississippi. Like many businesses of its nature, a large amount of Old Venice's business comes from customers dining in its building. Old Venice contends that it suffered financial loss because the prohibitions on dine-in services instituted by the Governor and the Mayor purportedly interrupted Old Venice's business

operations, causing it to lose income.

At all times pertinent to this action, Old Venice had in place a commercial business insurance policy. The policy was issued to Old Venice by Tri-State. Believing that the policy provided coverage for the business interruptions it experienced, Old Venice filed a claim with Tri-State. Tri-State denied Old Venice's claim, asserting that the policy's exclusion for loss sustained due to virus or bacteria precludes coverage.

Aggrieved by Tri-State's denial of its claim, Old Venice filed suit against Tri-State in the County Court of Lee County, Mississippi, on May 22, 2020. In its Complaint [2], Old Venice requests a declaration that the subject policy does provide coverage, as well as an award of damages against Tri-State in an amount "not to exceed the amount of Seventy Four Thousand Four Hundred Ninety Nine Dollars ($74,499.00)[.]" On June 24, 2020, Tri-State timely removed the action to this Court, premising federal jurisdiction on the basis of diversity. Old Venice then filed a Motion to Remand [7], contending that, because its Complaint [2] specifically states that it is not seeking damages in excess of $75,000.00, diversity jurisdiction is not satisfied.

*Applicable Standard*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction. *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states." 28

U.S.C. § 1332(a); *Addo v. Globe Life and Accidents Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). After removal of a case, a plaintiff may move for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-9, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

*Analysis and Discussion*

As noted above, two requirements must be satisfied for diversity jurisdiction to exist: "(1) complete diversity between the parties and (2) an amount in controversy in excess of $75,000." *Super Truck Stop 35-55, LLC v. Nissi Ins. Solutions, LLC*, 2016 WL 5477725 at *3 (N.D. Miss. Sept. 29, 2016) (citing 28 U.S.C. § 1332) (additional citation omitted). Here, complete diversity is satisfied because, for diversity jurisdiction purposes, Old Venice is a Mississippi citizen and Tri-State is an Iowa citizen. The parties' dispute centers around the amount-in-controversy requirement.

"It is axiomatic that the amount in controversy in a given action is determined from the complaint itself, unless it appears that the amount stated in the complaint is not claimed in good faith." *Reece v. Kanawha Ins. Co.*, 2008 WL 906512 at *2 (N.D. Miss. Apr. 2, 2018) (*citing Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). Looking to its Complaint [2], Old Venice specifically requests damages in an amount "not to

exceed the amount of Seventy Four Thousand Four Hundred Ninety Nine Dollars ($74,499.00)[.]" Thus, in the Court's view, it is clear that, in its Complaint [2], the Plaintiff seeks less than the jurisdictional prerequisite to invoke this Court's jurisdiction.

Additionally, the Plaintiff has also executed a Stipulation of Damages, wherein Bhupender Patel, Old Venice's sole individual member, stipulates on the Plaintiff's behalf that the Plaintiff "will not seek damages in this proceeding in the County Court of Lee County, Mississippi against defendant or any related or affiliated entity in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs." [7-2, p. 1]. Patel also states that the Plaintiff will not contend that its damages exceed $75,000.00 and, further, that it will agree to a remitter if a verdict exceeding $75,000.00 is rendered in its favor. *Id*. at p. 1-2.

This Court, in accordance with Fifth Circuit precedent, has routinely considered post-removal affidavits in determining the amount-in-controversy in a particular case if the amount-in-controversy is ambiguous at the time of removal. *See Byrd v. Food Giant Supermarkets, Inc.*, 2015 WL 1509487 at *1 (N.D. Miss. Mar. 31, 2015); *Perritt v. Westlake Vinyles Co. L.P.*, 562 Fed. Appx. 228, 232 (5th Cir. 2018) (noting that post-removal affidavits may be considered if the basis for jurisdiction is ambiguous at the time of removal); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The Plaintiff relies upon the language of its Complaint [2], as well as the Stipulation of Damages [7-2], for its contention that this Court lacks jurisdiction.

In response, the Defendant picks out certain portions of the Plaintiff's Complaint [2], where Old Venice makes allegations such as "[i]n addition to the business interruption loss of income for which claim is made, Plaintiff has sustained damages as a result of Defendant's refusal to pay the claim under the Tri-State policy of insurance." [11]. Relying on this language, the Defendant

4

asserts "the amount in controversy for jurisdiction purposes is the amount [Old Venice] seeks in extracontractual damages (not to exceed $74,999) ***plus*** the value of the declaration of insurance coverage that [Old Venice] seeks, including business interruption/loss of income, under the Policy." [11] (emphasis in original). The Defendant also asserts that the Plaintiff's Stipulation [7-2] does not clearly establish that the amount-in-controversy is not satisfied.

The Defendant's arguments are not well-taken. Despite the Defendant's attempt to characterize the Plaintiff's Complaint [2] as ambiguous, the Court finds that the Plaintiff's Complaint [2] and its Stipulation [7-2] make clear that Old Venice is not seeking an amount greater than $75,000.00. In fact, the Plaintiff specifically stipulates that it will agree to a remitter if it is awarded an amount greater than $75,000.00. The Plaintiff's Complaint [2] and the Stipulation [7-2] are unambiguous—the amount-in-controversy set forth in 28 U.S.C. § 1332 is not satisfied. This Court lacks jurisdiction over this case, and it must be remanded.[1]

*Conclusion*

The Plaintiff's Motion [7] is GRANTED. This case is hereby REMANDED to the County Court of Lee County, Mississippi. The Clerk of Court is directed to take all steps necessary to accomplish this remand.

SO ORDERED, this the 20th day of October, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT COURT JUDGE

---

[1] The Court notes that post-removal affidavits are generally only considered when the amount-in-controversy is ambiguous at the time of removal. *See Perritt*, 562 Fed. Appx. at 232. Here, the Court finds that the Complaint [2] is clear that the amount-in-controversy is not satisfied. However, even if the Court found the Complaint [2] to be ambiguous as to the amount-in-controversy, the Stipulation [7-2] would resolve any such ambiguity.