IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

M.B.S. TUPELO, LLC
d/b/a OLD VENICE PIZZA COMPANY                                        PLAINTIFF

V.                                                          CASE NO. 1:20-CV-132-SA-RP

TRI-STATE INSURANCE COMPANY
OF MINNESOTA, et al.                                                  DEFENDANTS

ORDER AND MEMORANDUM OPINION

On October 20, 2020, the Court entered an Order and Memorandum Opinion [15] granting the Plaintiff, M.B.S. Tupelo, LLC d/b/a Old Venice Pizza Company's ("Old Venice"), Motion to Remand. Two days later—on October 22, 2020, the Defendant, Tri-State Insurance Company ("Tri-State") filed a Motion for Reconsideration [16], requesting that the Court reconsider its decision. The Motion [16] has been fully briefed, and the Court is prepared to rule.

*Relevant Background*

The Court set forth the relevant factual and procedural background in its previous Order and Memorandum Opinion [15] but, for the sake of clarity, will do so again below.

On March 13, 2020, the President of the United States declared a national emergency in connection with the novel coronavirus disease (COVID-19). Thereafter, the Governor of the State of Mississippi and the Mayor of the City of Tupelo instituted a series of executive orders which prohibited restaurants from offering dine-in services, limiting them to only curb-side service.

Old Venice, a restaurant and bar in Tupelo, Mississippi, asserts that it suffered financial loss due to the governmental prohibitions, alleging that the prohibitions interrupted its business operations and caused it to lose income. At all pertinent times, Old Venice had in place a commercial business insurance policy, which was issued by Tri-State. Believing the policy

provided coverage for the business interruptions it experienced, Old Venice filed a claim with Tri-State. Tri-State denied Old Venice's claim, asserting that the policy's exclusion for loss sustained due to virus or bacteria precludes coverage.

Aggrieved by Tri-State's denial of its claim, Old Venice filed suit against Tri-State in the County Court of Lee County, Mississippi, on May 22, 2020. In its Complaint [2], Old Venice requests a declaration that the subject policy does provide coverage, as well as an award of damages against Tri-State in an amount "not to exceed the amount of Seventy Four Thousand Four Hundred Ninety Nine Dollars ($74,499.00)[.]" On June 24, 2020, Tri-State timely removed the action to this Court, premising federal jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332. Old Venice filed a Motion to Remand [7], asserting that this Court lacks subject matter jurisdiction because the requisite amount in controversy is not satisfied. This Court agreed, granting Old Venice's Motion [7] to remand the case. Tri-State then filed the present Motion [16], requesting that the Court reconsider its decision.

*Applicable Standard*

Rule 59(e) of the Federal Rules of Civil Procedure authorizes a district court to "alter or amend a judgment." FED. R. CIV. P. 59(e). "A Rule 59 motion is the proper vehicle by which a party can 'correct manifest error of law or fact' or 'present newly discovered evidence.'" *Surratt v. Tractor Supply Co.*, 2020 WL 6051260 at *1 (N.D. Miss. Oct. 13, 2020) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)) (additional citation omitted). The Fifth Circuit has explicitly directed that Rule 59(e) motions should not be granted unless: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and

2

(3) the facts are not merely cumulative or impeaching." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).

Importantly, "motions for reconsideration 'should not be used to . . . re-urge matters that have already been advanced by a party.'" *O'Hara v. Travelers, Also Named, The Automobile Ins. Co. of Hartford, Conn.*, 2012 WL 12884579, *1 (S.D. Miss. July 20, 2012) (quoting *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009)) (additional citations omitted). Stated differently, "[a] party should not attempt to use the Rule 59 motion for the purpose of 'rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Surratt*, 2020 WL 6051260, at *1.

*Analysis and Discussion*

In its Motion [16], Tri-State asserts that "the Court's Order considers the damages Plaintiff seeks for an alleged wrongful denial of its claim but does not address the actual amount in controversy which, under Fifth Circuit precedent, includes the total value of Plaintiff's potential recovery under the Tri-State Policy." [16], p. 1. Furthermore, Tri-State asserts that Old Venice's Stipulation of Damages, upon which the Court relied heavily in its previous Order and Memorandum Opinion [16], "does not state that Plaintiff is limiting the amount it can recover under the Policy pursuant to the declaration of coverage it seeks in this action. A fair reading of the Stipulation, based on the allegations of the Complaint, supports a conclusion that Plaintiff has pled an entitlement to a declaration of coverage for lost business income and related contractual damages plus additional amount of up to $74,999 in damages for alleged wrongful denial of coverage." [16], p. 2. Old Venice opposes Tri-State's request.

As an initial matter, although not addressed by the parties, the Court feels compelled to address the applicability of 28 U.S.C. § 1447(d), which provides:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal *or otherwise*, except that an order remanding a case to the State court form which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d) (emphasis added). Although case law is relatively scarce on this issue, several district courts have held that Section 1447(d) bars consideration of Rule 59(e) motions in this context. *See*, *e.g.*, *Garza v. Essex Ins. Co.*, 2016 WL 5534310 at *1 (S.D. Tex. Sept. 29, 2016) (denying motion to reconsider remand order based upon 28 U.S.C. § 1447(d)); *see also Wilson v. Dallas Cty. Hospital Dist.*, 2017 WL 5642583 at *2 (N.D. Tex. Jan. 23, 2017) (citing *New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1982)) ("[N]ot only may the order not be appealed, but the district court itself is divested of jurisdiction to reconsider the matter. Thus, even if it later decides the order was erroneous, a remand order cannot be vacated even by the district court.").

While noting this jurisdictional issue, the Court need not delve further into the issue and decide the matter solely on that point, as the Motion [16] otherwise fails on the merits. As noted above, relief pursuant to Rule 59(e) is limited to very specific contexts and should not be used in an effort to simply relitigate an unfavorable decision. *Surratt*, 2020 WL 6051260, at *1. Here, Tri-State has come forward with no new evidence, intervening change in the applicable law, or any other reason for the Court to reconsider its decision. Rather, the present Motion [16] appears to be an attempt to re-argue an unfavorable decision.

4

The Stipulation of Damages which Old Venice attached to its Motion to Remand [7] explicitly states:

> Plaintiff will not seek damages in this proceeding in the County Court of Lee County, Mississippi against Defendant or any related or affiliated entity in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.
>
> . . .
>
> Plaintiff will not contend that its total damages, compensatory and punitive exceed Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.
>
> . . .
>
> Plaintiff will not seek to recover at the trial of this case damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.
>
> . . .
>
> Plaintiff will not execute on any judgment rendered in its favor in this proceeding against Defendants or any related or affiliated entity in excess of Seventh-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.
>
> . . .
>
> Should a trial of this cause in the County Court of Lee County, Mississippi result in a verdict against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00), Plaintiff will agree to a remittitur of same to Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

[7], Ex. 2, p. 1-2. The Stipulation is signed by Bhupender Patel on behalf of Old Venice.

In the Court's view, the language of this Stipulation is abundantly clear that the amount-in-controversy requirement is not satisfied. *See Byrd v. Food Giant Supermarkets, Inc.*, 2015 WL 1509487 at *1 (N.D. Miss. Mar. 31, 2015); *Perritt v. Westlake Vinyles Co. L.P.*, 562 Fed. Appx. 228, 232 (5th Cir. 2018) (noting that post-removal affidavits may be considered if the basis for jurisdiction is ambiguous at the time of removal); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Although Tri-State may have preferred the wording of the

Stipulation to be slightly different, that fact alone does not alter this Court's jurisdiction. Old Venice has explicitly stated under oath, via a post-removal Stipulation, that it is not seeking, nor will it collect if awarded, any amount over $75,000.00.[1] This Court therefore lacks subject matter jurisdiction over this dispute.

*Conclusion*

For all of these reasons, the Defendant's Motion for Reconsideration [16] is DENIED. The Clerk of Court is directed to take all steps necessary to accomplish the remand of this case to the County Court of Lee, County Mississippi.

SO ORDERED, this the 27th day of January, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT COURT JUDGE

---

[1] As the Court noted in its previous Order and Memorandum Opinion [15], post-removal affidavits are generally only considered when the amount-in-controversy is ambiguous at the time of removal. *See Perritt*, 562 Fed. Appx. at 232. Here, Old Venice's Complaint [2], which requests damages "in an amount not to exceed . . . Seventy Four Thousand Four Hundred Ninety Nine Dollars (74,499.00) for damages," is not ambiguous. Nevertheless, the Stipulation would otherwise resolve any ambiguity.